UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

FILED
05 SEP 15 PM 3: 29

| | |
|---|---|
| GERARD BOECKMAN, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-658-GPM |
| vs. ) | |
| ) | |
| A.G. EDWARDS, INC., ) | |
| ) | Class Action |
| Defendant. ) | |

## COMPLAINT

COMES NOW Gerard Boeckman (the "Plaintiff"), by counsel, and for his Complaint against A.G. Edwards, Inc. (the "Defendant") states as follows:

### Parties, Jurisdiction and Venue

1. At all times relevant to this lawsuit, Plaintiff was a participant in the Retirement and Profit Sharing [401(k)] Plan (the "Plan") sponsored and maintained by the Defendant.

2. Defendant is the Plan administrator and is a "fiduciary" with respect to the Plan as that term is defined by ERISA.

3. The Plan is an "employee pension benefit plan" as that term is defined by ERISA §3(2).

4. The Court has subject matter jurisdiction over the claims asserted herein under Federal Question Jurisdiction provided by 29 U.S.C. §1001-1461.

5. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### Background

6. The Plan is a "defined contribution plan" as that term is defined by ERISA §3(34).

7. The Plan allows all full-time and part-time employees to contribute between 1% and

50% of their eligible annual earnings on a pre-tax basis (up to IRS and Plan limits).

8. Defendant's contribution to the Plan consists of two components: 5% of eligible annual earnings and a discretionary "profit sharing" percentage based on the company's profit.

9. Regardless of the source of the contributions, participants in the Plan are allowed to direct the investment of the contributions in one or any combination of 38 mutual funds that are available in the Plan. Participants may also invest in A.G. Edwards Stock through the Plan or U.S. Treasury zero coupon bonds.

10. The Plan's Summary Plan Description lists the ticker symbols for each mutual fund available in the Plan.

11. The Plan assets exceed $2 billion.

12. The relative large size of the Plan's assets makes investment of these assets directly into registered mutual fund shares inappropriate. The Defendant could directly retain the services of the portfolio manager thereby avoiding the incurrence of fees associated with investment in registered mutual fund shares. These associated fees include but are not limited to; shareholder service fees, transfer agent fees, 12b-1 fees (distribution fees), administrative fees, registration and reporting fees, reports to shareholder expenses, postage and stationary fees, audit and legal fees, custodian fees, and state and local taxes. For example, the shares of one of the funds available in the Plan, the Putnam Discovery Growth (ticker symbol PVIIX), have an expense ratio of 134 basis points (or 1.34%); however, the investment manager's portion of the fee is 43 basis points (0.43%). The other 91 basis point (0.91%) goes toward these aforementioned fees and services that are superfluous and do not provide a benefit to the Plan commensurate with their cost.

13. Because of the amount of the Plan's assets, Defendant, as the Plan Administrator, could have directly negotiated with the investment manager for the 43 basis point rate, avoided paying the additional fees inherent in a mutual fund investment, and saved the difference between those fee percentages for the benefit of the Plan.

14. In addition, each of the ticker symbols for the mutual funds available in the Plan identify the mutual fund shares as "retail shares." With the exception of four funds, all of the mutual funds available in the Plan offer investors the ability to purchase an "institutional share." The four retail mutual funds that do not offer a lower cost institutional fund class have a number of competitor funds that are similar in objective and quality and offer lower fee institutional fund classes to large investors such as the Plan.

15. For example, the retail shares of one of the funds available in the Plan, the American Funds Growth Fund of America (ticker symbol AGTHX), have an expense ratio of 70 basis points (or .7%); however, the institutional share for the same fund, which bears the ticker symbol RGAFX, has an expense ratio of 41 basis points (or .41%).

16. Because of the amount of the Plan's investments in the mutual funds that offer institutional shares, Defendant, as the Plan Administrator, could have purchased, or caused to be purchased, the lower-expense, institutional shares on behalf of the Plan.

Class Action Allegations

17. Plaintiff seeks class certification under Federal Rule of Civil Procedure 23 in that: (a) there are thousands of participants in the Plan making joinder of all claims impracticable; (b) Plaintiff's claims are typical of those of the Class in that she seeks recovery of a loss to the Plan; and (c) there are common questions of law and fact which predominate. The common questions

of law and fact include, among others, whether Defendant breached its fiduciary duty to the Plan by failing to purchase institutional shares in the mutual funds that offered such shares.

18. There is a risk that the prosecution of separate actions would establish incompatible standards of conduct for Defendant, who is the Plan Administrator.

19. Plaintiff will fairly and adequately represent the interests of the members of the class. Her interests are the same as, and not in conflict with, the other members of the class. Plaintiff's counsel is experienced in class action and complex litigation involving ERISA benefit plans.

20. Plaintiff requests that this Court certify the following Class pursuant to Fed. R. Civ. P. 23(b)(2):

"All persons who participated in the A.G. Edwards Retirement and Profit Sharing [401(k)] Plan at any time within the applicable statute of limitations."

## Count I

### Violation of ERISA §404(a)(1)(B) by Failing to Minimize the Fees Paid by the Plan

21. Plaintiff incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

22. ERISA §404(a)(1)(B) requires a plan fiduciary to discharge his duties with respect to the plan solely in the interest of the participants and beneficiaries "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

23. By failing to directly negotiate with investment managers to invest the Plan's assets and thereby minimize the fees paid by the Plan, the Defendant is in breach of its duties under

ERISA §404(a)(1)(B).

24. As a result of the Defendant's violation of ERISA §404(a)(1)(B), the Plan sustained losses.

25. Pursuant to ERISA §§405, 409 and 502(a)(2), the Defendant is personally liable to the Plan for the losses resulting from such violations, and for such other remedial and equitable relief as the Court deems appropriate.

## Count II

**Violation of ERISA §404(a)(1)(B) by Failing to Purchase Institutional Shares**

26. Plaintiff incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

27. ERISA §404(a)(1)(B) requires a plan fiduciary to discharge his duties with respect to the plan solely in the interest of the participants and beneficiaries "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

28. In the alternative to the cause of action set forth in Count I, Defendant's failure to purchase institutional shares of the mutual funds that offered such shares and thereby reduce the amount of fees paid by the Plan violated the requirements of ERISA §404(a)(1)(B).

29. As a result of the Defendant's violation of ERISA §404(a)(1)(B), the Plan sustained losses.

30. Pursuant to ERISA §§405, 409 and 502(a)(2), the Defendant is personally liable to the Plan for the losses resulting from such violations, and for such other remedial and equitable

relief as the Court deems appropriate.

## Count III

**Violation of ERISA §406(a)(1)(D) For Transferring Plan Assets to a Party in Interest**

31. Plaintiff incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

32. ERISA §406(a)(1)(D) prohibits an ERISA fiduciary from causing his plan to engage in a transaction that constitutes a direct or indirect "transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan."

33. Pursuant to ERISA § 3(14)(B), the mutual fund companies to whom the fees described herein were transferred are "parties in interest."

34. The transfer of Plan assets in the amount of the difference between the fees the Defendant should have directly negotiated with investment managers and the fees assessed to the retail mutual fund shares constituted the use of assets of the Plan for the benefit of a party-in-interest in violation of ERISA §406(a)(1)(D).

35. As a result of the foregoing conduct, Defendant violated ERISA §406(a).

36. As a result of the Defendant's violation of ERISA §406(a), the Plan has sustained losses.

37. Pursuant to ERISA §§409 and 502(a)(2), the Defendant is personally liable to the Plan for the losses resulting from such violations, and for such other remedial and equitable relief as the Court deems appropriate.

## Count IV

**Violation of ERISA §406(a)(1)(D) For Transferring Plan Assets to a Party in Interest**

38. Plaintiff incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

39. ERISA §406(a)(1)(D) prohibits an ERISA fiduciary from causing his plan to engage in a transaction that constitutes a direct or indirect "transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan."

40. Pursuant to ERISA § 3(14)(B), the mutual fund companies to whom the fees described herein were transferred are "parties in interest."

41. In the alternative to the cause of action set forth in Count III, the transfer of plan assets in the amount of the difference between the fees assessed to retail shares and the fees assessed to institutional shares constituted the use of assets of the Plan for the benefit of a party-in-interest in violation of ERISA §406(a)(1)(D).

42. As a result of the foregoing conduct, Defendant violated ERISA §406(a).

43. As a result of the Defendant's violation of ERISA §406(a), the Plan has sustained losses.

44. Pursuant to ERISA §§409 and 502(a)(2), the Defendant is personally liable to the Plan for the losses resulting from such violations, and for such other remedial and equitable relief as the Court deems appropriate.

## Prayer for Relief

WHEREFORE, the Class prays for the following relief:

(a) Judgment against Defendant on all claims herein;

(b)  Appropriate equitable relief;

(c)  Pre- and post-judgment interest and costs;

(d)  Reasonable attorney's fees pursuant to the common fund doctrine and/or any other applicable law; and

(e)  Any other relief the Court deems just, proper and equitable.

KOREIN TILLERY, LLC

By: _____
Douglas R. Sprong
Steven A. Katz
Dianne Moore Heitman
701 Market, Suite 300
St. Louis, MO 63101
314-241-4844
Fax: 314-588-7036